

*U.S. Department of Justice*

*United States Attorney*
*Eastern District of New York*

JAJ:AEG                           *271 Cadman Plaza East*
F.#2009R01971                     *Brooklyn, New York  11201*

                                  October 14, 2009

<u>By Hand and ECF</u>

The Hon. Dora L. Irizarry
United States District Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York  11201

    Re:  In re Application of Elliott Madison et al.
         <u>Miscellaneous Docket No. 09-647 (DLI)</u>

Dear Judge Irizarry:

    Because three of the four reply memoranda filed on October 13, 2009 in the above-referenced matter raise new arguments not presented in petitioners' initial memorandum, the government respectfully requests permission to submit this limited memorandum to respond to those new arguments.

    Petitioner Michael Wallschlaeger argues that probable cause is not sufficient to justify the October 1, 2009 seizure of his property because the First Amendment demands a stricter standard.  (Letter from Zoe Dolan to the Hon. Dora L. Irizarry, Oct. 13, 2009 ("Wallschlaeger Br.") at 1).  He is mistaken. Every case cited by Wallschlaeger involved an obscenity prosecution, and all but one involved the pretrial seizure from a commercial business of all copies of allegedly obscene materials in a purposeful effort to prevent the circulation of those materials or to forfeit the proceeds of alleged racketeering activity.  <u>See</u> <u>Fort Wayne Books v. Indiana</u>, 489 U.S. 46, 51-52 (1989) (invalidating seizure "of the real estate, publications, and other personal property comprising each of the three bookstores" operated by state RICO defendants whose alleged racketeering acts were the distribution of obscene books and films); <u>Lo-Ji Sales v. New York</u>, 442 U.S. 319, 321, 323 (1979) (invalidating seizure from bookstore of all copies of magazines deemed obscene); <u>A Quantity of Copies of Books v. Kansas</u>, 378 U.S. 205, 207-08 (1964) (invalidating seizure of 1,715 copies of

31 allegedly obscene novels); <u>Marcus v. Search Warrants of Property at 104 E. Tenth St., Kansas City, Missouri</u>, 367 U.S. 717, 723, 738 (1961) (invalidating seizure of approximately 11,000 copies of 280 allegedly obscene publications).[1]  The Supreme Court explained in <u>Fort Wayne Books</u> that such seizures require special scrutiny:

> [T]his Court has repeatedly held that rigorous procedural safeguards must be employed before expressive materials can be seized as "obscene."  In <u>Marcus</u> and again in <u>A Quantity of Copies of Books v. Kansas</u>, the Court invalidated large-scale confiscations of books and films, where numerous copies of selected books were seized without a prior adversarial hearing on their obscenity.  In those cases, and the ones that immediately came after them, the Court established that pretrial seizures of expressive materials could only be undertaken pursuant to a procedure designed to focus searchingly on the question of obscenity.
>
> We refined that approach further in our subsequent decisions.  Most importantly, in <u>Heller v. New York</u>, 413 U.S. 483, 492 (1973), the Court noted that "seizing films to destroy them or to block their distribution or exhibition is a very different matter from seizing a single copy of a film for the bona fide purpose of preserving it as evidence in a criminal proceeding."  As a result, we concluded that until there was a judicial determination of the obscenity issue in an adversary proceeding, exhibition of a film could not be restrained by seizing all the available copies of it.  The same is obviously true for books or any other expressive materials.  While a single copy of a book or film may be seized and retained for evidentiary purposes based on a finding of

---

[1] In the only case cited by Wallschlaeger that did not involve a mass seizure, the Court held that the undercover purchase of an obscene magazine did not constitute a seizure for purposes of the Fourth Amendment.  <u>See</u> <u>Maryland v. Macon</u>, 472 U.S. 463, 465 (1985).

> probable cause, the publication may not be taken out of circulation completely until there has been a determination of obscenity after an adversary hearing.
>
> Thus, while the general rule under the Fourth Amendment is that any and all contraband, instrumentalities, and evidence of crimes may be seized on probable cause (and even without a warrant in various circumstances), it is otherwise when materials presumptively protected by the First Amendment are involved.

Fort Wayne Books, 489 U.S. at 62-63 (additional citations and internal quotation marks omitted). The searches involved in the cases cited by Wallschlaeger "were constitutionally insufficient because they did not adequately safeguard against the suppression of nonobscene books." A Quantity of Copies of Books, 378 U.S. at 208. This rationale has no application here, where agents seized individual items from a private residence for the purpose of preserving them as evidence.[2] Indeed, Fort Wayne Books explicitly notes that single copies of books may be seized as evidence.[3]

Wallschlaeger contends that the warrants executed on October 1 are similar to the warrant invalidated in Lo-Ji Sales. (Wallschlaeger Br. 2). They are not. The warrant in Lo-Ji Sales, 442 U.S. at 321-22, authorized the seizure of "[t]he following items that the Court independently [on examination] has

---

[2] The Madisons assert in their reply brief that agents seized a box containing 50 copies of a single book. (Letter from Martin R. Stolar to the Hon. Dora L. Irizarry, Oct. 13, 2009, at 5). When the government is permitted to review the seized items, it will retain only one copy of the book and return the remainder to petitioners.

[3] The use of books as evidence is not limited to obscenity prosecutions. Several circuits have approved the admission at trial of portions of The Anarchist Cookbook, a book similar in nature to at least some of those seized from petitioners. See United States v. Parr, 545 F.3d 491, 502 (7th Cir. 2008); United States v. Jimenez, 507 F.3d 13, 16 (1st Cir. 2007); United States v. Walters, 351 F.3d 159, 167 (5th Cir. 2003). The Second Circuit has not addressed the issue, but The Anarchist Cookbook was admitted as evidence at trial in this district in United States v. Siraj, No. 05-104 (NG) (E.D.N.Y. 2006).

3

determined to be possessed in violation of Article 235 of the Penal Law" and then provided a blank space. The town justice who signed the warrant accompanied the investigators who conducted the search, and investigators added to the blank space 14 pages of items identified by the town justice during the search. <u>See id</u>. at 322-24. The Court held that the Fourth Amendment does not "countenance open-ended warrants, to be completed while a search is being conducted and items seized." <u>Id</u>. at 325. As discussed in the government's October 9, 2009 submission, the warrant here specifically itemized the materials to be seized.

Petitioner Jennifer Sobolewski contends that the government must set forth "a non-conclusory basis for the claim that continued retention of property is <u>actually necessary</u> to an ongoing criminal investigation." (Letter from Philip C. Segal to the Hon. Dora L. Irizarry, Oct. 13, 2009 ("Sobolewski Br.") at 1 (emphasis in original)). Regardless of the merits of this proposition, for which Sobolewski relies primarily on non-binding authority, it is irrelevant. At this stage the government's "continued retention" of property seized on October 1 is not at issue. The day after the search was conducted petitioners sought and the Court issued a temporary order precluding the government from examining the items seized. At this stage the government seeks simply to examine the seized property and return any items that it deems do not have evidentiary value. Sobolewski points to no authority suggesting that the government may not examine property seized pursuant to a lawfully issued search warrant.

Sobolewski also argues that she has standing to seek the return of the laptop that she asserts is owned by her employer. (Sobolewski Br. 2). The government has reached an agreement with Sobolewski's employer concerning the disposition of the laptop. As even the case relied upon by Sobolewski notes, "It has long been a principle of common law that one in possession of property has the right to keep it against all <u>but those with a better title</u>." <u>Gov't of the Virgin Islands v. Edwards</u>, 903 F.2d 267, 273 (3d Cir. 1990) (emphasis added). According to Sobolewski, her employer holds better title to the laptop than she does. Therefore, in light of the government's agreement with her employer, Sobolewski has no standing to seek the return of the laptop.

Irina and James Weiss assert that "[t]here has been no proffer whatsoever by the government that there is any reason at all to believe that [they], or any of their property, have any connection with anything remotely unlawful." (Letter from Jeffrey A. Rothman to the Hon. Dora L. Irizarry, Oct. 13, 2009, at 1). As an initial matter, the government notes that a

publication entitled "Manifesto of Rioting" was seized from the Weisses' bedroom.  In any event, the government is not required to make the sort of proffer the Weisses demand.  Agents were entitled to seize their property pursuant to a lawfully issued search warrant that encompassed the location in which their property was found.  See United States v. Kyles, 40 F.3d 519, 523-24 (2d Cir. 1994) (denying suppression of evidence found in bedroom of one of several residents of apartment even though occupant of bedroom was not named as suspect in affidavits underlying search warrant, because "The scope of a search pursuant to a valid warrant is defined by the warrant's description of the premises and the objects of the search, and by the places in which the officers have probable cause to believe those objects may be found.").

For the reasons discussed above and in the government's October 9 submission, the Court should deny the petitioners' application in its entirety, without prejudice to any future motion to suppress, and the Court should vacate its order precluding the government from examining the property seized on October 1.

    Respectfully submitted,

    BENTON J. CAMPBELL,
    United States Attorney

By:    /s/
    Andrew E. Goldsmith
    Assistant U.S. Attorney
    (718) 254-6498

cc:  Richard F. Bellman, Esq. (by facsimile and ECF)
     Zoe Dolan, Esq. (by facsimile and ECF)
     Jeffrey A. Rothman, Esq. (by facsimile and ECF)
     Philip C. Segal, Esq. (by facsimile and ECF)
     Martin R. Stolar, Esq. (by facsimile and ECF)